UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **In re**<br>**TK HOLDINGS INC.,** *et al.*<br>Debtors.[1] | Chapter 11<br>Case No. 17–11375 (BLS)<br>Jointly Administered |
| TK HOLDINGS INC., *et al.*<br>**Plaintiffs,**<br>– against –<br>STATE OF HAWAI'I, by its Office of Consumer Protection, GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, STATE OF NEW MEXICO, *ex rel.* HECTOR BALDERAS, Attorney General, *et al.*,<br>**Defendants.** | Adv. Pro. No. 17–50880 (BLS)<br><br>Re: Docket No. 2 |

## ORDER PURSUANT TO 11 U.S.C. § 105 GRANTING IN PART AND DENYING IN PART DEBTORS' MOTION FOR A PRELIMINARY INJUNCTION

This matter coming before the Court on the Verified Complaint for Injunctive Relief (the "*Complaint*") and Motion for a Preliminary Injunction Pursuant to 11 U.S.C. § 105(a) (the "*Motion*"), of TK Holdings Inc. and its affiliated debtors, as debtors and debtors in possession (collectively, the "*Debtors*" or "*Plaintiffs*") in the above-captioned chapter 11 cases and adversary proceeding, pursuant to sections 105(a) and 362(a) of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 7065 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

(the "**Bankruptcy Rules**"), for entry of an order preliminarily enjoining certain actions from proceeding against the Debtors, Takata Corporation ("**TKJP**"), and the Consenting OEMs,[2] as more fully described in the Motion and the Complaint (the "*Requested Injunction*"); and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a) and 1334(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Court having reviewed the Complaint, the Motion, the briefs and declarations in support of the Motion, and other evidence and argument submitted in support thereof, as well as the briefs and declarations submitted in opposition to the Motion, and the Court having held an evidentiary hearing; the Court finds and concludes as follows:

A. The Plaintiffs in this adversary proceeding are debtors, TK Holdings Inc., *et al.* The Defendants in this adversary proceeding are those parties listed in the "Underlying Plaintiffs" column of Exhibit A to the Complaint. The Defendants are all plaintiffs in lawsuits that seek to hold the Debtors, TKJP, or the Consenting OEMs liable in actions that include claims and/or causes of action arising out of or relating to airbag inflators manufactured by Takata.

B. The State Actions are lawsuits brought by the Governments of Hawaii, New Mexico, and the U.S. Virgin Islands against the Debtors, TKJP, and/or the Consenting OEMs.

C. The Individual Actions are lawsuits brought by individuals or entities in the United States and Canada, alleging claims and/or causes of action against the Debtors, TKJP and/or the Consenting OEMs arising out of or relating to airbag inflators manufactured by Takata.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

D.     The MDL Actions are a subset of the Individual Actions, which are consolidated before Judge Federico A. Moreno in the United States District Court for the Southern District of Florida and captioned *In re Takata Airbag Products Liability Litigation*, Case No. 1:15-md-02599. Thus, the *"**non-MDL Individual Actions**"* are all Individual Actions other than the MDL Actions.

E.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. There is no dispute that the Court has jurisdiction over the State Actions' claims against the Debtors. Pursuant to 28 U.S.C. §§ 157 and 1334, the Court has related-to jurisdiction over the claims against non-Debtor defendants, TKJP and the Consenting OEMs, in both the State Actions and the Individual Actions.

F.     As to the MDL Actions, the Debtors have failed to meet their burden for preliminarily enjoining the claims against the Consenting OEMs under 11 U.S.C. § 105(a).

G.     As to the State Actions and the non-MDL Individual Actions, the Debtors have met their burden for entering a preliminary injunction for a period of 90 days through and including November 15, 2017 under 11 U.S.C § 105(a).

H.     Accordingly and for the reasons set forth in the Court's oral ruling, which was read into the record on August 16, 2017, pursuant to Bankruptcy Rule 7065, this Court finds it appropriate to enter the Requested Injunction as to the State Actions and non-MDL Individual Actions for 90 days.

Based on these findings,

**IT IS HEREBY ORDERED THAT:**

1. As to the MDL Actions, the Motion is DENIED and the Court will not stay the MDL Actions as to non-debtor litigants and, specifically, as to the Consenting OEMs.

2. The Court GRANTS the Motion and enters the Requested Injunction as to the State Actions for a period of ninety (90) days, effective 11:38 am (Prevailing Eastern Time) on August 16, 2017, through and including November 15, 2017. The injunction will expire at 11:59 pm on November 15, 2017.

3. The Court GRANTS the Motion and enters the Requested Injunction for a period of ninety (90) days, effective 11:38 am (Prevailing Eastern Time) on August 16, 2017, through and including November 15, 2017 as to all of the non-MDL Individual Actions, other than the Turks' action currently pending in Macon County Circuit Court in Alabama, CV-2015-900 173. The injunction will expire at 11:59 pm on November 15, 2017.

4. Nothing in this Order shall affect or abrogate the automatic stay as to the Debtors under Section 362 or the stay as to TKJP pursuant to chapter 15 of the Bankruptcy Code.

5. The parties to the State Actions and the non-MDL Individual Actions are authorized to take all steps necessary or appropriate to carry out this Order.

6. Nothing in this Order shall prevent the Debtors from seeking, and Defendants from opposing, a further extension of the 90-day injunctions set forth in paragraphs 2 and 3 above.

7. The Debtors are encouraged to confer with any litigant who contacts the Debtors regarding individual circumstances that may warrant some form of relief from the preliminary injunction.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: August 22, 2017
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE