## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | Chapter 11 |
| **TK HOLDINGS INC.,** *et al.* | Case No. 17–11375 (BLS) |
| **Debtors.**[1] | Jointly Administered |
| TK HOLDINGS INC., *et al.* | Adv. Pro. No. 17–50880 (BLS) |
| **Plaintiffs,** | |
| – against – | **Re: Docket Entry No. 160** |
| STATE OF HAWAI'I, by its Office of Consumer Protection, GOVERNMENT OF THE UNITED STATES VIRGIN ISLANDS, STATE OF NEW MEXICO, *ex rel.* HECTOR BALDERAS, Attorney General, *et al.*, | |
| **Defendants.** | |

### ORDER PURSUANT TO 11 U.S.C. § 105(a) LIFTING
### PRELIMINARY INJUNCTION AS TO STATE ACTIONS

On November 20, 2017, the Court extended a preliminary injunction as to the State Actions[2] against the Debtors, TKJP, and/or the Consenting OEMs for thirty (30) days, through and including December 20, 2017. The Court directed the relevant parties to meet and confer regarding further litigation activity in the State Actions (hereinafter "Stipulated Litigation Plan"). The necessary parties having met and conferred, and having agreed to the Stipulated Litigation

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico, S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A). Except as otherwise set forth herein, the Debtors' international affiliates and subsidiaries are not debtors in these chapter 11 cases. The location of the Debtors' corporate headquarters is 2500 Takata Drive, Auburn Hills, Michigan 48326.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Debtors' Verified Amended Complaint [Adv. D.I. 162].

Plan, it is hereby ORDERED that the preliminary injunction shall be lifted as to the State Actions based on the parties' agreement that litigation activity in the State Actions will be limited to the Stipulated Litigation Plan until February 27, 2018.

STIPULATED LITIGATION PLAN:

There are two U.S. Virgin Islands Actions pending; the first ("*USVI I*") involves claims against TKJP and TKH (collectively, "Takata") and several Honda entities, and the second ("*USVI II*") involves claims against Toyota, Nissan, and Ford entities, as well as third-party claims brought by the Toyota, Nissan, and Ford entities against TKJP and TKH. In the U.S. Virgin Islands Actions:

1. In both actions, the Government of the U.S. Virgin Islands (the "*USVI*") shall file a Consent Motion to lift the stay for the limited litigation activity as described herein.

2. In USVI I, to the extent necessary, the USVI and Honda shall complete briefing on Honda's two partial motions for reconsideration, which shall include the USVI's opposition and Honda's reply. The USVI and Honda shall negotiate in good faith to determine the issues that remain for determination and an appropriate briefing schedule, the timing of which may be contingent upon whether the USVI decides to file an amended complaint, which it shall be permitted to file per Court order dated June 20, 2017. The USVI shall notify Honda and the USVI court if it does not intend to file an amended complaint before the deadline for the USVI's opposition to Honda's motions for reconsideration.

3.      In USVI I, the parties shall schedule a Rule 26(f) conference and prepare a report for the court as reflected in the USVI court's June 20, 2017 order.

4.      In USVI II, the USVI can negotiate in good faith regarding the acceptance of service by the Japanese parent company defendants, and the filing of responsive pleadings and any responses.   The USVI may proceed with service if no agreement is reached.

5.      In USVI II, the USVI can negotiate in good faith for copies of (i) transcripts of any depositions of Toyota, Nissan, and Ford witnesses taken in or already produced in the actions consolidated before the Honorable Federico A. Moreno in the United States District Court for the Southern District of Florida (the "*MDL*") and (ii) documents already produced in the MDL by Toyota, Nissan, and Ford. Toyota, Nissan, and Ford reserve their rights to object to such production, and the USVI reserves its rights to take appropriate steps to obtain such production.  The parties agree to negotiate in good faith the terms of a Protective Order related to such depositions and documents.  If no agreement can be reached, any party can move for entry of a proposed Protective Order.

6.      Any party can request that any discovery shall be coordinated with the State of Hawai'i ("*Hawai'i*") actions and the State of New Mexico ("*New Mexico*") action, and the States agree to consider such request in good faith.

7.      Any Party can move to consolidate the USVI cases.  All Parties reserve the right to oppose another Party's motion for consolidation.

8.      Any Party may cross-notice depositions, if any, that occur in any other State Action or any other pending litigation before February 27, 2018, and must be given reasonable notice of such deposition.

There are two Hawai'i Actions pending; the first ("*Hawai'i I*) involves claims against Takata and several Honda entities, and the second ("*Hawai'i II*") involves claims against Toyota, Nissan, and Ford entities, as well as third-party claims brought by the Toyota, Nissan, and Ford entities against TKJP and TKH. In the Hawai'i Actions:

9.      In Hawai'i I, Takata (TKH and TKJP) and Honda shall produce copies of all deposition transcripts of Takata and Honda witnesses taken in the MDL not previously produced, if any.

10.     In Hawai'i I, Takata and Honda shall produce copies of any documents they produced in the MDL but not yet produced to Hawai'i, if any.

11.     In Hawai'i II, Hawai'i can negotiate in good faith for production of copies of (i) transcripts of any depositions of Toyota, Nissan, and Ford witnesses taken in or already produced in the MDL and (ii) documents already produced in the MDL by Toyota, Nissan, and Ford. Toyota, Nissan, and Ford reserve their rights to object to such production, and Hawai'i reserves its rights to take appropriate steps to obtain such production. The parties agree to negotiate in good faith the terms of a Protective Order related to such depositions and documents.  If no agreement can be reached, any party can move for entry of a proposed Protective Order.

12.     In Hawai'i I, the Parties shall negotiate in good faith to schedule up to six Takata depositions and up to six Honda depositions at a mutually agreeable time. The States, the Debtors, TKJP, and Honda shall work in good faith to prioritize the

potential deponents, if any, who may be available to testify now but who are likely to become unavailable after February 27, 2018. Nothing in this paragraph shall be deemed an acknowledgement by Takata or Honda that any individual deposition is necessary or appropriate nor shall it be deemed a waiver of Takata's or Honda's right to object to particular depositions, including those sought of a Japanese citizen residing in Japan.

13.    Any party can request that any discovery shall be coordinated with the New Mexico or the U.S. Virgin Islands actions, or other pending actions, and the States agree to consider and negotiate any such requests in good faith.

14.    Any party can move to consolidate the Hawai'i cases. All parties therein reserve the right to object to another party's motion for consolidation.

15.    In both actions, Hawai'i may move for an extension of time to file its pretrial statement.

16.    In Hawai'i II, Hawai'i can negotiate in good faith regarding acceptance of service by the Japanese parent company defendants and filing of responsive pleadings and any responses. Hawai'i may proceed with service if no agreement is reached.

17.    Any Party may cross-notice depositions, if any, that occur in any other State Action or other litigation before February 27, 2018, and must be given reasonable notice of such deposition.

In the New Mexico Action:

18.    The Parties shall discuss scheduling in good faith and have a scheduling conference at the New Mexico court's convenience.

19.     Subaru and New Mexico shall negotiate a mutually agreeable briefing and hearing schedule regarding Subaru's Motion to Dismiss.

20.     The Parties shall negotiate in good faith an appropriate protective order and, if necessary, an order regarding the production of electronically stored information.

21.     The Parties shall negotiate in good faith regarding New Mexico's request for production of documents produced and transcripts of depositions taken in the MDL. Defendants reserve their rights to object to such production, and New Mexico reserves its rights to take appropriate steps to obtain such production.

22.     The Parties shall discuss the possibility of any additional discovery, if necessary. New Mexico may seek additional written discovery, if necessary, from Defendants other than TKH or TKJP, but Defendants reserve the right to oppose any such discovery. New Mexico shall not seek written discovery from either TKH or TKJP.

23.     Any party can request that any discovery shall be coordinated with the Hawai'i and U.S. Virgin Islands actions, and the States agree to consider such request in good faith.

24.     Briefing shall remain stayed as to TKH and TKJP's joint Motion to Dismiss.

In all State Actions:

25.     All negotiations contemplated in the State Actions related to discovery or otherwise shall proceed in good faith. Should such negotiations break down, the rules and practices in the court in which the underlying State Action is pending shall govern; provided however, that any disputes concerning this Order or the interpretation thereof shall be resolved by the Bankruptcy Court.

26. Nothing in this Order constitutes a waiver of any Party's substantive or procedural rights in the State Actions or of the Debtors' or TKJP's rights under the Bankruptcy Code or TKJP's rights in its Civil Rehabilitation Proceeding as relates to the State Actions.

27. Nothing in this Order shall prevent a Party from responding to an order or request by the court in the underlying State Action regarding status reports or similar activities.

28. All Parties may move for the pro hac vice admission of attorneys to represent them in the State Actions, and may take such other actions as are necessary or appropriate to effectuate and maintain such admission.

It is further ORDERED that the preliminary injunction shall in all other respects remain in effect as relates to the non-MDL Individual Actions and New Actions.

TKJP, which is not a party to this adversary proceeding, reserves its right to dispute the relief sought in the States' pending Joint Motion To Modify Preliminary Injunction To Allow Continuation of the State Enforcement Actions Against TKJP. TKJP has no objection to the relief accorded by this Order.

Nothing in this Order shall be deemed to waive, abridge, prejudice or otherwise affect the rights or arguments of TKJP or any State with respect to the scope or application of any automatic stay or police and regulatory power exception to any stay under Chapter 15 of the Bankruptcy Code (including with respect to any deposition sought herein) or the Civil Rehabilitation Act of Japan, or in which forum the States' claims against TKJP will be liquidated.

The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: December 19, 2017
      Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE